IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JILL FINLEY, by and through, NANCY STARK | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-23-967-PRW ) |
| RELIANCE STANDARD LIFE INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) |

### ORDER

Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim and Brief in Support (Dkt. 9). The matter is fully briefed, and for the reasons that follow, the Motion (Dkt. 9) is **GRANTED** and this action is **DISMISSED WITH PREJUDICE**.

*Background*

This Employee Retirement Income Security Act ("ERISA")[1] dispute arises from a long term disability ("LTD") insurance plan provided by Defendant Reliance Standard Life Insurance Company ("RSL") to employees of Provident Funding Associates, LP. In 2007, while Plaintiff Jill Finley was employed at Provident Funding as a mortgage underwriter, she suffered a sudden cardiac death event that resulted in a hypoxic brain injury. Ms. Finley

---

[1] 29 U.S.C. §§ 1001–1461.

1

was in a coma for several weeks before unexpectedly regaining consciousness. However, the brain injury caused lasting effects, limiting Ms. Finley's ability to concentrate, organize, and memorize, likely for the rest of her life.

Ms. Finley applied to RSL for LTD benefits in June 2007. Her claim was initially approved—for the period from August to December 2007—in January 2008.[2] The approval letter recommended that if Ms. Finley's disability was expected to last longer than a year, "it may be in [her] best interest to apply for Social Security Disability (SSD) benefits."[3] A later approval for ongoing benefits followed in February 2008, in which RSL informed Ms. Finley that it would begin deducting from her monthly benefit payments in accordance with the Benefit Provisions section of the policy.[4]

The Benefit Provisions section describes how the monthly payable benefit amount is calculated, which includes deductions based on Other Income Benefits. Other Income Benefits are defined as "benefits resulting from the same Total Disability for which a Monthly Benefit is payable under this Policy," to include "disability or Retirement Benefits under the United States Social Security Act."[5] If the relevant benefits have not yet been applied for, or have been denied and that denial is being appealed, then the payable benefit

---

[2] The Complaint states that Ms. Finley's claim was approved in June 2008, but the claim file document cited, as well as other claim file records, make clear that initial approval occurred in January 2008. *See* Claim File 2112 (Dkt. 1, Ex. 12).

[3] *See* Claim File 2113 (Dkt. 1, Ex. 12); *see also* Claim File 2124 (Dkt. 1, Ex. 13) ("Advantages of Social Security Disability Benefits").

[4] Claim File 2121 (Dkt. 1, Ex. 13); LTD Policy (Dkt. 9, Ex. 1), at 7.0.

[5] LTD Policy (Dkt. 9, Ex. 1), at 7.0.

amount is reduced by an estimate of the Other Income Benefits.[6] Once the Other Income Benefits have been either awarded or finally denied, RSL adjusts the payable benefit amount to cover any inaccuracy in the estimated deductions, paying the claimant any underpaid benefits, and collecting a repayment from the claimant for any overpaid benefits.[7]

Though not part of the policy itself, RSL's administrative procedures manual includes the option to waive the deduction of estimated social security benefits for financial hardship reasons.[8] To be granted a waiver, the claimant must agree to reimburse RSL for any overpaid amount in the event that social security benefits are awarded retroactively.[9] Ms. Finley requested a financial hardship waiver in March 2008, which was granted after RSL received the signed reimbursement agreement.[10] Ms. Finley's application for social security disability benefits was approved in December 2009, awarding retroactive benefits

---

[6] LTD Policy (Dkt. 9, Ex. 1), at 7.0.

[7] LTD Policy (Dkt. 9, Ex. 1), at 7.0–7.1.

[8] *See* Claim File 2732–34 (Dkt. 1, Ex. 18).

[9] Claim File 2127 (Dkt. 1, Ex. 16).

[10] *See* Claim File 0333 (Dkt. 1, Ex. 15). The Complaint (Dkt. 1) alleges that RSL did not waive the estimated benefit deductions. Complaint (Dkt. 1), at ¶¶ 25, C. Ms. Finley's Response (Dkt. 12) questions whether the waiver was granted, but asserts that in any case RSL failed to inform Ms. Finley that the waiver was granted. Pl.'s Resp. (Dkt. 12), at 12. The documents properly before the Court demonstrate that the waiver was granted. *See* Claim File 0335 (Dkt. 1, Ex. 25) ("Worksheet paid to 8/24/08 with no ESSD [estimated social security disability] Reimbursement agree recvd"); Claim File 2182 (Dkt. 1, Ex. 21) (following Ms. Finley's receipt of retroactive social security benefits, showing an overpayment of $27,676.73 for the period of 10/24/2007 to 1/24/2010).

dating back to November 2007.[11] Following the approval, RSL calculated that it had overpaid LTD benefits in the amount of $23,176.73, which Ms. Finley then repaid.[12]

For the next decade, Ms. Finley received LTD benefits from RSL, and RSL continued to find that Ms. Finley's disability was total and likely permanent. In 2020, that changed. RSL assigned a new claims examiner to Ms. Finley's file, who ordered new medical authorizations and psychological examinations.[13] On April 14, 2022, RSL terminated Ms. Finley's LTD benefits, stating that the recent testing showed that she was not totally disabled.[14] RSL also informed Ms. Finley that she could file a written request for review of the termination decision. Ms. Finley hired the law firm of Durbin, Larimore & Bialick, which assisted her in preparing and timely filing a request for review in October of 2022.[15] Shortly thereafter, in January 2023, RSL reversed its decision and reinstated Ms. Finley's benefits.[16] Counsel for Ms. Finley then requested that RSL pay attorney's fees and costs associated with preparing the request for review.[17] RSL replied that it was not required to pay such fees, and would not do so.[18]

---

[11] Claim File 1296 (Dkt. 1, Ex. 20); Claim File 2182–84 (Dkt. 1, Ex. 21).

[12] Claim File 2182–84 (Dkt. 1, Ex. 21); Claim File 0339 (Dkt. 1, Ex. 25); RSL Letter (Dkt. 1, Ex. 38).

[13] *See* Claim File 2204–25 (Dkt. 1, Ex. 26); Claim File 2030–31 (Dkt. 1, Ex. 28).

[14] Claim File 2228–31 (Dkt. 1, Ex. 29).

[15] *See* Request (Dkt. 1, Ex. 30).

[16] RSL Reinstatement Letter (Dkt. 1, Ex. 34).

[17] Fees Email (Dkt. 1, Ex. 35).

[18] Fees Reply (Dkt. 1, Ex. 36).

In April 2023, Ms. Finley filed a request for financial hardship relief with RSL. Specifically, Ms. Finley (1) repeated her request for attorney's fees related to the request for review; (2) requested reimbursement for all SSD deductions from her monthly benefit payments since 2008; and (3) requested that RSL waive all future SSD deductions.[19] RSL rejected all three requests, as well as a later request for further review. This action followed.

Ms. Finley's Complaint (Dkt. 1) raises three claims for relief under two different ERISA provisions. Ground One seeks to recover benefits due, pursuant to 29 U.S.C. § 1132(a)(1)(B). Grounds Two and Three allege breaches of fiduciary duty in violation of 29 U.S.C. § 1132(a)(3). The alleged conduct underlying all three claims generally overlaps with the April 2023 requests. RSL moves to dismiss, arguing that the Complaint fails to state a claim to relief.

### *Legal Standard*

In reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must satisfy itself that the pleaded facts state a claim that is plausible.[20] All well-pleaded allegations in the complaint must be accepted as true and viewed "in the light most favorable to the plaintiff."[21] While factual allegations are taken as true, a court need not accept mere legal

---

[19] Hardship Request (Dkt. 1, Ex. 37).

[20] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[21] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *David v. City & Cnty. of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996)).

conclusions.[22] "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are not enough.[23]

"Generally, the sufficiency of a complaint must rest on its contents alone."[24] However, a court may properly consider (1) documents that the complaint incorporates by reference and (2) documents referred to in the complaint that are central to the claim and whose authenticity is undisputed.[25] In the event of a conflict between the documents properly before the court and the allegations in the complaint, "the exhibit ordinarily controls, even when considering a motion to dismiss."[26]

## *Analysis*

Two alleged harms make up the bulk of Ms. Finley's claims: (1) RSL's refusal to pay attorney's fees incurred to prepare the request for review letter; and (2) RSL's deduction of social security disability benefits from Ms. Finley's monthly LTD payments. Because these issues run through all three claims for relief, the Court will take up the issues individually, before addressing other alleged breaches.

---

[22] *Khalik v. United Air Lines*, 671 F.3d 1188, 1190–91 (10th Cir. 2012).

[23] *Id.*

[24] *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).

[25] *Id.*

[26] *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013); *see also Estate of Ronquillo v. City & Cnty. of Denver*, 720 F. App'x 434, 437 (10th Cir. 2017) (unpublished) ("Accordingly, we accept as true Plaintiff's allegations except when directly contra[dicted] by the attached exhibits."); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007); 5B Wright & Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004).

I.     **Attorney's Fees**

ERISA permits recovery of attorney's fees and costs "of action" to any party.[27] Courts have consistently read that language to exclude costs incurred while exhausting pre-litigation administrative proceedings.[28] While the Tenth Circuit has not ruled on the question, all seven circuits to do so agree that ERISA "does not authorize awards for work done in pre-litigation administrative proceedings."[29]

Ms. Finley does not dispute any of this. Instead, Ms. Finley now argues that she is not seeking attorney's fees, but rather a "surcharge," a remedy she says is made available under § 1132(a)(3)'s "other appropriate equitable relief."[30] The Supreme Court did so hold, albeit in dicta, in *CIGNA Corp. v. Amara*,[31] noting that a claimant could obtain relief by surcharge for breaches of fiduciary duty with a showing of "harm and causation."[32] Ms. Finley argues that RSL's termination decision was arbitrary and capricious, and that she was required to retain counsel and incur costs in order to appeal that decision. In this, Ms. Finley sees a breach of fiduciary duty that directly caused her harm.

---

[27] 29 U.S.C. § 1132(g)(1).

[28] *See, e.g.*, *Kahane v. UNUM Life Ins. Co. of Am.*, 563 F.3d 1210, 1214–15 (11th Cir. 2009).

[29] *Id.* (collecting cases).

[30] Ms. Finley has seemingly given up her claim to "attorney fees and costs" pursuant to § 1132(a)(1)(B). Pl.'s Resp. (Dkt. 12), at 2 ("Jill is not seeking to recover her attorney fees under 28 U.S.C. § 1132(a)(1)(B) . . . .").

[31] 563 U.S. 421 (2011).

[32] *Id.* at 443–44.

The Court is not convinced. Assuming *arguendo* that RSL's termination decision constituted a breach of fiduciary duty, and that the decision in some sense "forced" Ms. Finley to retain counsel, there are good reasons to think that the incurred fees are not a compensable harm under § 1132(a)(3). For starters, the statutory language of § 1132(g) limiting attorney fees to "action[s]"—i.e., litigation—must inform our understanding of what "other appropriate equitable relief" is available under § 1132(a)(3).[33] In crafting § 1132(g), "Congress expressly addressed the question of attorney's fees under ERISA but omitted any reference to fees incurred in the administrative proceedings mandated by the statute."[34] That legislative choice must be given effect.

In addition, *Amara*'s recognition of surcharge as a means of equitable relief has been applied sparingly. Ms. Finley points to a string of cases awarding attorney fees in ERISA litigation and argues that similar principles justify an equitable award of fees in the form of surcharge. But she points to no cases, and the court has found none, actually awarding such relief. The language and structure of ERISA, as well as the unbroken line of cases finding that fee awards are inappropriate for pre-litigation administrative proceedings, combine to convince the Court that Ms. Finley has not stated a claim to relief,

---

[33] *Util. Air. Regul. Grp. v. E.P.A.*, 573 U.S. 302, 321 (2014) ("[R]easonable statutory interpretation must account for both 'the specific context in which . . . language is used' and 'the broader context of the statute as a whole.'" (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997))).

[34] *Castillo v. Metro. Life Ins. Co.*, 970 F.3d 1224, 1231–33 (9th Cir. 2020).

under either § 1132(a)(1)(B) or § 1132(a)(3),[35] for the fees and costs associated with her request for review letter.[36]

## II. Deductions

Whether legal or equitable, ERISA remedies are grounded in the benefit plan. Section 1132(a)(1)(B) permits civil actions "to recover benefits due . . . under the terms of [the] plan." Section 1132(a)(3) does not "authorize 'appropriate equitable relief' *at large*; rather, it countenances only such relief as will enforce '*the terms of the plan*' or the statute[.]"[37] Accordingly, to state a claim for relief on her allegations that RSL should not have deducted (and should not deduct going forward) social security disability benefits from her LTD payments, Ms. Finley must allege that those deductions and the related decisions were contrary to the plan.

RSL argues that Ms. Finley has failed to do so, Specifically, RSL reads the language of the policy to require deduction of Other Income Benefits, including social security disability benefits, from the monthly benefit amount.[38] While the administrative procedure

---

[35] RSL argues that Ms. Finley should be forced to choose whether to proceed under § 1132(a)(1)(B) or § 1132(a)(3). At this early stage of the case, the Court finds that requiring such a determination would be premature. *See Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 727 (8th Cir. 2014) ("At the motion to dismiss stage, however, it is difficult for a court to discern the intricacies of the plaintiff's claims to determine if the claims are indeed duplicative, rather than alternative, and determine if one or both could provide adequate relief.").

[36] *See also Castillo*, 970 F.3d at 1231 (explaining that "an award of fees incurred in an administrative proceeding would undermine ERISA's purpose").

[37] *US Airways, Inc. v. McCutchen*, 569 U.S. 88, 100 (2013) (citations omitted).

[38] LTD Policy (Dkt. 9, Ex. 1), at 7.0–7.1.

manual allows for financial hardship waivers, RSL says that option is available only while Other Income Benefits are *estimated*. Once social security benefits are awarded, no waivers are possible, and deductions occur automatically in accordance with the terms of the plan.

Ms. Finley does not address the applicable plan language at all, much less contest RSL's understanding of that language. Rather, Ms. Finley repeatedly faults RSL for "refus[ing] to consider" her 2008 and 2023 financial hardship requests and for "withholding $185,204.53 of Jill's LTD benefits from 2008 to 2023."[39]

As explained above, undisputed documents before the Court demonstrate that RSL granted Ms. Finley's 2008 hardship request and waived deducting her estimated social security benefits while her application was pending. That waiver resulted in an overpayment once Ms. Finley was eventually awarded retroactive social security benefits, an overpayment which Ms. Finley promptly repaid. Once social security benefits were awarded, the plain language of the plan makes clear that those Other Income Benefits would be subtracted from Ms. Finley's monthly LTD benefits going forward. Ms. Finley points to no plan terms requiring that RSL consider later hardship requests, nor any mechanism by which it could grant such a request. In short, Ms. Finley has failed to plausibly plead either a denial of benefits or a breach of fiduciary duty relating to the Other Income Benefit deductions.[40]

---

[39] Pl.'s Resp. (Dkt. 12), at 19.

[40] RSL argues that this claim should also be barred because Ms. Finley failed to exhaust her administrative review options, i.e., to appeal the 2010 letter informing her of the social security disability deductions. *See Holmes v. Colo. Coal. for Homeless Long Term Disability Plan*, 762 F.3d 1195, 1203–04 (10th Cir. 2014) (discussing exhaustion in the

**III.     Other Alleged Breaches**

Ms. Finley's third ground alleges that RSL breached its fiduciary duties by failing to provide requested records and required documents in the course of her administrative appeal of the termination decision, and in relation to the 2008 financial hardship waiver. However, Ms. Finley alleges no concrete harms resulting from these alleged breaches. Rather, the third claim for relief simply reiterates Ms. Finley's request for attorney fees and reimbursement of Other Income Benefit deductions. By failing to allege a concrete harm, Ms. Finley has failed to plausibly plead a claim for breach of fiduciary duty for failure to inform.[41]

*Conclusion*

For the reasons stated above, the Court finds that Ms. Finley has not plausibly alleged claims for relief. Her request for attorney's fees relating to a pre-litigation administrative appeal are not compensable under ERISA, even in the form of an equitable surcharge. RSL's deduction of social security disability benefits from Ms. Finley's monthly LTD payments was and is in accord with the terms of the benefit plan, not a breach of fiduciary duty. And even assuming that RSL's termination decision was arbitrary and

---

ERISA context). Because the Court resolves this issue on other grounds, it does not decide whether Ms. Finley's 2023 hardship request was subject to an exhaustion requirement.

[41] *See, e.g.*, *Sewell v. Great N. Ins. Co.*, 535 F.3d 1166, 1172 (10th Cir. 2008) ("To prove a breach of fiduciary duty, [plaintiff] must prove . . . that the plaintiff incurred damages[.]"). Of course, this is not to say that RSL's actions, as alleged, were appropriate. ERISA mandates clear and meaningful dialogue between benefit claimants and plan administrators. *See David P. v. United Healthcare Ins. Co.*, 77 F.4th 1293, 1298–1301 (10th Cir. 2023).

capricious, benefits have been restored, and Ms. Finley pleads no concrete harms stemming from the alleged irregularities in RSL's handling of documents in the course of her appeal. Based on the pleadings and the undisputed documents in the record, the Court finds that amendment of the Complaint would be futile.[42] Accordingly, RSL's Motion to Dismiss (Dkt. 9) is **GRANTED** and this action is **DISMISSED WITH PREJUDICE**. A separate judgment will be filed pursuant to this Order.

**IT IS SO ORDERED** this 14th day of June 2024.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[42] *Seale v. Peacock*, 32 F.4th 1011, 1027–28 (10th Cir. 2022).